## Gray *against* Dawson.

Bail upon an appeal from the judgment of a justice of the peace is absolutely fixed by a failure of the defendant to prosecute his appeal with effect or surrender himself, without the issuing of a *capias ad satisfaciendun.*

ERROR to the common pleas of *Alleghany* county.

Case stated in the nature of a special verdict. William Dawson against James Gray. The plaintiff, William Dawson, sued John Glime and John Hughes before a justice, who rendered judgment for the plaintiff for 43 dollars. Glime alone appealed. "John Glime and James Gray each *tent.* in 86 dollars on condition that John Glime do prosecute his appeal with effect, &c. to the next court of common pleas or surrender defendant to gaol of Alleghany county, &c." The appeal was regularly entered to October term 1834. On the 14th of December 1835 the plaintiff obtained judgment against the defendant Glime, for want of a plea under the rules of court. 26th of December 1835, judgment liquidated at 47 dollars. 28th of December 1835 was the first day of the December term. A *fieri facias* was issued to March term 1836, which was returned "*nulla bona.*" This writ of *scire facias* was issued to June term 1836.

If upon these facts the court shall be of opinion that the plaintiff is entitled to recover, then judgment to be for the plaintiff for 86 dollars, (the amount of the recognizance) to be released upon payment of the debt, interest and costs in the original judgment against Glime the principal and costs on this *scire facias*, with stay of execution for thirty days from date of rendition of judgment. If the court shall be of the contrary opinion, then judgment to be for the defendant for costs, except those which defendant is to pay as herein before stated.

Either party to have the right of a writ of error to the next supreme court, if sued out within thirty days after judgment rendered.

The court below, (Dallas, President) rendered a judgment for the plaintiff.

*Mahon* and *Williamson,* for plaintiff in error, cited, 5 *Watts* 335.

*Findlay,* contra, cited, act of 20th March 1810, section 5 ; 1 *Ashmead* 61 ; 2 *Penns. Prac.* 292.

PER CURIAM.—The time of surrender is indefinite in an ordinary case of special bail, and the bail is consequently in no default till the principal has been fruitlessly demanded by a *capias ad satisfaciendum.* Here however it is fixed in the first instance by the statute itself ; and an execution therefore was unnecessary.

Judgment affirmed.